UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P195-H

CARL S. ROBB                                                     PLAINTIFF

v.

SERGEANT DAVIS *et al.*                                     DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims.

**I. SUMMARY OF CLAIMS**

Plaintiff, Carl S. Robb, a former pretrial detainee at the Louisville-Metro Department of Corrections has sued the following officials in both their individual and official capacities: Sergeant Davis, Officer Earnspiker, Officer Massey, Jefferson Co. Jailer, Jefferson County Jail Psychiatrist, and Mayor Jerry Abramson. According to Plaintiff, on or about October 5, 2006, jail staff became suspicious of cigarette smoke in one of the dorms. As a result, the inmates, including Plaintiff, were told to line up and "assume the search position." Next, Plaintiff alleges that the Officers began to search the inmates for contraband and that during the search Officer Earnspiker used "a so called search tactic known as a credit card swipe during [which] he intentionally and maliciously penetrated [Plaintiff's] anus with his finger." Plaintiff alleges that this was a very "humiliating and degrading" experience and a clear violation of his Eighth Amendment right against cruel and unusual

punishment.[1] He also alleges that the remaining Defendants failed to properly investigate the incident in response to Plaintiff's complaints and grievances. Plaintiff is seeking compensatory and punitive damages in the amount of $250,000.00 each.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

---

[1] Because Plaintiff was a pretrial detainee, the Eighth Amendment's proscription against cruel and unusual punishment does not apply to him. *Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001). Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to be free from cruel and unusual punishment that is analogous to the Eighth Amendment rights of prisoners. *Id.*

### III.  ANALYSIS

**A.     Official Capacity Claims**

  The official capacity claims against Defendants are actually against the municipality, Louisville-Metro.  When a § 1983 claim is made against a municipality, a plaintiff must "identify the policy, connect the policy to the [county] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993).  In the instant case, Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims, and nothing in the record demonstrates that the alleged injuries to Plaintiff resulted from application of a county policy or custom.  As such, the Court will dismiss his official capacity claims for failure to state a claim.

**B.     Individual Capacity Claims Against Defendant Earnspiker**

The Constitution protects prisoners and pretrial detainees from the "unnecessary and wanton infliction of pain" that is "totally without penological justification." *Hope v. Pelzer*, 536 U.S. 730, 737 (2002).  Only "calculated harassment" or "maliciously motivated" conduct that is unrelated to institutional security is considered unconstitutional. *Hudson v. Palmer*, 468 U.S. 517, 530 (1984); *Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004).  "It cannot be questioned that the body cavities of prisoners are capable of secreting a surprising array of objects, and that inmates are willing to go to extreme lengths to obtain weapons and illicit drugs." *United States v. Oakley*, 731 F. Supp. 1363, 1370 (S.D. Ind. 1990).  "The fact that prisoners are willing to place such dangerous objects into body cavities that most people rarely display to others demonstrates as much about the guile and bravado of certain prisoners as it does about the government's need to search, both visually and physically, such private areas of the body." *Id.*  Indeed, the United States Supreme Court has recognized that preventing contraband that can be smuggled through the alimentary canal or hidden in the rectal

cavity is a legitimate penological concern. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). Digital rectal searches are a legitimate means of maintaining order and do not violate the Eighth Amendment as long as they are conducted in a reasonable manner. *Del Raine v. Williford*, 32 F.3d 1024, 1039-42 (7th Cir. 1994) (upholding reasonableness of digital rectal search against Eighth Amendment challenge because there was no evidence that officials undertook search in "malicious and sadistic fashion for the very purpose of causing harm") (citations omitted).

Nothing in Plaintiff's complaint suggests that Defendant Earnspiker's search was conducted for an illegitimate reason or performed in an intentionally abusive or brutal fashion. The abuse Plaintiff complains of is simply that Defendant Earnspiker momentarily penetrated Plaintiff's rectum with this finger while checking for contraband. There is no allegation that Officer Earnspiker physically injured Plaintiff during the penetration, manipulated his finger in any manner designed to cause Plaintiff injury, or conducted the search purely out of a desire to harass Plaintiff. The mere fact that Officer Earnspiker penetrated Plaintiff's anus in and of itself is not enough to show malicious conduct, particularly where Plaintiff alleges that the jail officials suspected that the prisoners in Plaintiff's cell block might be harboring contraband.

The Court also notes that Plaintiff has not alleged that the search caused him any significant physical injury. Rather, Plaintiff's chief complaint is that the search humiliated him. Plaintiff's claim for emotional and mental damages, under the Eighth Amendment, is governed by 42 U.S.C. § 1997e(e) which states in part "no federal action may be brought by a prisoner confined in a jail, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing a physical injury." It is clear that the physical injury must be more than *de minimus*. *Benson v. Carlton*, No. 99-6433, 2000 U.S. App. LEXIS 21202 at *3 (6th Cir. 2000) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Here, Plaintiff has not alleged a physical injury, and

4

therefore, cannot recover for his alleged emotional injuries.

**C.        Individual Capacity Claims Against Remaining Defendants**

Plaintiff's complaint against the remaining Defendants is that they failed to properly respond and investigate the grievances he filed about the alleged incident. However, prisoners do not possess a constitutional right to have their grievances investigated. *Walker v. Mich. Dep't of Corr.*, 128 Fed. App. 441, 445 (6th Cir. 2005). By the same token, prisoners cannot maintain a claim against a prison official based solely on the way he did or did not respond to a grievance. *See, e.g.*, *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (reversing denial of summary judgment to prison officials whose only involvement was the denial of administrative remedies); *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). As such, Plaintiff's claims against the remaining Defendants will also be dismissed.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:      Plaintiff, *pro se*
         Defendants
         Jefferson County Attorney

4412.008